IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERTO LEYVA ONTIVEROS,

    Plaintiff,

   v.                                                                         No. CIV 11-0593 RB/WDS

CASANOVA, JAIL ADMINISTRATOR,
ROOSEVELT COUNTY OFFICERS
BONO, FABELA,
SHERIFF'S OFFICERS GORE, MEEKS P.P.D,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed with leave to amend.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was shot with a tazer during an incident in the facility's dayroom, and afterwards he was wrongly placed in lockdown. Plaintiff contends that these actions violated a number of his constitutional protections. The complaint seeks damages and certain equitable relief.

Under the plausibility standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, Plaintiff's complaint fails to state claims for relief against the Defendants. As the Court of Appeals for the Tenth Circuit stated not long after the *Bell Atlantic* decision, "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). The complaint merely lists a number of named Defendants but does not make factual allegations against any of them individually. The Court will dismiss Plaintiff's complaint with leave to file an amended pleading identifying the individuals responsible for each of the alleged violations.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and, within thirty (30) days from entry of this order, Plaintiff may file an amended complaint identifying the individuals responsible for each of the alleged violations.

_____
UNITED STATES DISTRICT JUDGE